**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
ERNEST HUNTER, et al.,         )
                               )
                Plaintiffs,    )
                               )
        v.                     )  Civil Action No. 09-697 (EGS)
                               )
WASHINGTON METROPOLITAN AREA   )
TRANSIT AUTHORITY, et al.,     )
                               )
                Defendants.    )
_____)
```

## MEMORANDUM OPINION

Pending before the Court is a motion to transfer venue filed by the Washington Metropolitan Area Transit Authority ("WMATA"). Upon consideration of the motion, the response and reply thereto, the applicable law, and for the reasons stated below, the Court **GRANTS** WMATA's Motion to Transfer Venue. This case shall be transferred to the United States District Court for the District of Maryland ("District of Maryland").

**I.   BACKGROUND**

This case involves an action for damages stemming from an automobile accident that occurred in Landover Hills, Maryland on November 26, 2007. Plaintiffs Ernest and Florence Hunter allege that they were severely injured when their car was struck by a WMATA Metrobus driven by WMATA employee Sidney Davis ("Davis"). *See* Compl. ¶¶ 6-8. Plaintiffs, who are both residents of Maryland, filed an action in this Court on April 16, 2009,

asserting claims of negligence, infliction of emotional distress, vicarious liability, and punitive damages against WMATA and Davis.[1]  *See generally* Compl.  On May 14, 2009, WMATA filed its motion to transfer the action to the District of Maryland, which plaintiffs oppose.

## II.  STANDARD OF REVIEW

The federal venue transfer statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The district court has discretion to adjudicate motions to transfer according to an "'individualized case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).  The moving party - in this case, WMATA - bears the burden of establishing that transfer of the action is proper.  *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 71 (D.D.C. 2005).

The defendant must make two showings to justify transfer. First, the defendant must establish that the plaintiff could have

---

[1]     In its motion to transfer venue, WMATA asserts that "Defendant Davis is immune from suit pursuant to D.C. Code § 9-1107.01(80)," and argues that "Plaintiffs' claims against Defendant Davis must be dismissed."  Def.'s Mot. to Transfer at 2.  Because this Court is transferring the action, however, it need not reach that issue.

brought suit in the proposed transferee district.  *Id.* at 71-72; *Trout Unlimited v. United States Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).  Second, the defendant must demonstrate that considerations of convenience and the interests of justice weigh in favor of the transfer.  *Devaughn*, 403 F. Supp. 2d at 72; *Trout Unlimited*, 944 F. Supp. at 16.

## III. DISCUSSION

### A.   THE CASE COULD HAVE BEEN BROUGHT IN THE DISTRICT OF MARYLAND

Before the Court transfers an action to another venue, the defendant must show that the plaintiff could have brought the action in the proposed transferee district.  *Devaughn*, 403 F. Supp. 2d at 72 (citing *Van Dusen*, 376 U.S. at 622).  Venue in this case is founded upon Section 81 of the WMATA Compact, Compl. ¶ 1, which vests original jurisdiction in all federal courts to hear actions brought against WMATA.  *See* D.C. Code § 9-1107.01(81) (2009) ("The United States District Courts shall have original jurisdiction . . . of all actions brought by or against [WMATA]. . . ."). Accordingly, this action could have been brought in the District of Maryland.[2]

_____

[2]    Plaintiffs do not contest that venue is proper in the District of Maryland.  *See* Pls.' Opp'n Br. at 2 ("Plaintiffs concede that this action could have been brought in the Maryland federal court in Greenbelt . . . .").

**B.   THE BALANCE OF PRIVATE AND PUBLIC INTERESTS FAVORS TRANSFER**

In determining whether considerations of convenience and the interests of justice support transfer, the Court weighs a number of private-interest and public-interest factors.  *See Devaughn*, 403 F. Supp. 2d at 72.  In this case, those factors weigh in favor of transfer.

**1.   Private-Interest Factors**

The private-interest considerations the Court looks to when deciding whether to transfer a case include: "'(1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of witnesses, particularly if important witnesses may actually be unavailable to give live trial testimony in one of the districts; and (6) the ease of access to sources of proof.'"  *Greene v. Nat'l Head Start Assoc.*, 610 F. Supp. 2d 72, 74-75 (D.D.C. 2009) (quoting *Demery v. Montgomery County*, 602 F. Supp. 2d 206, 210 (D.D.C. 2009)).

With regard to the first factor, the Court typically accords "substantial deference" to a plaintiff's choice of forum. *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 52 (D.D.C. 2000). "However, when a plaintiff is not a resident of the forum and 'most of the relevant events occurred elsewhere,' this deference is weakened." *Greene*, 610 F. Supp. 2d at 75 (quoting *Aftab v.*

4

*Gonzalez*, 597 F. Supp. 2d 76, 80 (D.D.C. 2009)); *see, e.g.*, *Hunter v. Johanns*, 517 F. Supp. 2d 340, 344 (D.D.C. 2007) (explaining that the "strong presumption" against disturbing a plaintiff's choice of forum is diminished "when the forum is not plaintiff's home forum" and "the relevant events occurred elsewhere").  Plaintiffs in this case are not residents of the District of Columbia; they are both residents of Maryland.  Compl. ¶¶ 2-3.  Although plaintiffs work in the District of Columbia, the District of Columbia is not their "home forum." *Hunter*, 517 F. Supp. 2d at 344.  Nor did any of the events alleged in the complaint occur in the District of Columbia.  The collision - and plaintiffs' resulting injuries - occurred at the intersection of Annapolis Road and Cooper Lane in Landover Hills, Maryland.  Compl. ¶ 8.  Consequently, because plaintiffs are not residents of the District of Columbia and their claims do not arise from events that occurred in the District of Columbia, the Court affords less deference to plaintiffs' choice of forum.

Next, the Court considers the defendant's choice of forum. While defendant's principal place of business is in the District of Columbia, "[i]t conducts its business as a common carrier . . . in the District of Columbia, Maryland and Virginia." Compl. at 4.  More relevant to defendant's choice of forum, however, is the fact that "the events material to the plaintiff[s'] action occurred in Maryland," and "substantially

all of the documents and witnesses are located in Maryland."
*Brannen v. Nat'l R.R. Passenger, Corp.*, 403 F. Supp. 2d 89, 93
(D.D.C. 2005).  Accordingly, defendant's choice of forum weighs
slightly in favor of transfer.

As to the third factor - where the claims arose - as
previously noted, the collision occurred in Landover Hills,
Maryland.  "As this is a personal injury claim, the material
events that constitute the factual predicate for the
plaintiff[s'] claims occurred in Maryland."  *Id.* (internal
quotation omitted); *see also* Pls.' Opp'n Br. at 2 ("Plaintiffs
acknowledge that the defendant's negligence occurred in Landover
Hills, Maryland.").  This factor, therefore, also weighs in favor
of transfer.

As to the convenience of the parties, "the court notes that
the District of Columbia and the District of Maryland are in
close proximity, thereby minimizing any inconvenience to the
parties."  *Brannen*, 403 F. Supp. 2d at 94.  While plaintiffs
assert that the District of Columbia is more convenient because
they work in the District of Columbia, Pls.' Opp'n Br. at 2, the
Court finds this argument to be unpersuasive given that
plaintiffs both live in Maryland.[3]  WMATA has likewise failed to

---

[3]     Plaintiffs also argue that the District of Columbia is
more convenient because both parties' counsel are located in the
District of Columbia.  This Court has previously recognized that
the presence of counsel carries little, if any, weight in the
venue determination.  *See McClamrock v. Eli Lilly & Co.*, 267 F.

make a persuasive showing on this factor, as WMATA has offices in
both the District of Columbia and Maryland.  Therefore, the Court
finds this factor to be neutral.

Fifth, with regard to the convenience of the witnesses, the
Court considers "the availability of compulsory process to
command the attendance of unwilling witnesses, and the cost of
obtaining the attendance of willing witnesses."  *Reiffin*, 104 F.
Supp. 2d at 53.  Plaintiff has identified only one witness who
resides in the District of Columbia - Davis, the WMATA bus driver
involved in the collision.  All of the other potential witnesses
- including the Maryland State police officer and the Maryland
emergency technicians that responded to the scene of the
accident, as well as plaintiffs' medical care providers - appear
to be located in Maryland.  Neither side, however, has argued
that any of these witnesses is unavailable or otherwise unwilling
to testify.  Regardless, given the close proximity of the two
courthouses, *see* Pls.' Opp'n Br. at 4 (noting that the Maryland
Greenbelt courthouse is located 13.5 miles from this Court), it
is unlikely that any of the potential witnesses to this action
would be outside the subpoena power of either Court.  *See* Fed. R.
Civ. P. 45(b)(2)(B) (permitting subpoenas to be served on
individuals within 100 miles of the place specified for a

---

Supp. 2d 33, 40-41 (D.D.C. 2003); *Armco Steel Co. v. CSX Corp.*,
790 F. Supp. 311, 324 (D.D.C. 1991).

deposition, hearing, or trial).  Nor has either party produced any evidence that one forum would be more expensive for witnesses than the other forum.  Consequently, this factor is also neutral in the Court's analysis.

The final private-interest factor the Court considers is the access to proof.  Defendant argues that access to proof would be easier if the case were transferred to the District of Maryland because plaintiffs' medical records are located at Prince Georges' County Hospital and Southern Maryland Hospital.  Def.'s Mot. to Transfer at 8.  Plaintiffs do not contest this fact, but argue that defendant has failed to demonstrate that it would be more difficult to locate or obtain the records if this case were not transferred.  This Court agrees.  This factor therefore is neutral or weighs very slightly in favor of transfer.

## 2.    Public-Interest Factors

Having concluded that plaintiffs' choice of forum is entitled to less deference and that other private-interest factors are neutral or favor transfer to the District of Maryland, the Court now turns to the public-interest factors. The public-interest considerations include:  (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local

controversies at home.  *Devaughn*, 403 F. Supp. 2d at 72.  These
factors weigh heavily in favor of transfer.

With regard to the transferee's familiarity with the
governing laws, "the public interest is 'best served by having a
case decided by the federal court in the state whose laws govern
the interests at stake.'"  *Brannen*, 403 F. Supp. 2d at 95
(quoting *Trout Unlimited*, 944 F. Supp. at 19); *see also Green*,
610 F. Supp. 2d at 76 (citing cases).  The parties agree that the
laws of Maryland will apply to the facts of this case.  *See*
Def.'s Mot. to Transfer at 9; Pls.' Opp'n Br. at 5.  While this
Court is certainly capable of applying Maryland negligence law,
*see* Pls.' Opp'n Br. at 5, "[t]he District of Maryland is surely
more familiar than this court with the application of Maryland
law."  *Brannen*, 403 F. Supp. 2d at 95.  Accordingly, both the
public interest and judicial economy would be served by
transferring the case to the District of Maryland.

Relative docket congestion and potential speed of resolution
in the transferor and transferee courts are also relevant factors
to consider.  *See Trout Unlimited*, 944 F. Supp. at 19.  While it
appears that "the courts of Maryland are as congested as those of
the District of Columbia," Def.'s Mot. to Transfer at 9, it does
not appear that a transfer to the District of Maryland would lead
to any unnecessary delay.  No discovery has been undertaken and

no dispositive motions have been filed in this Court.  This factor is therefore neutral.

Finally, the Court finds that the local-interest factor weighs in favor of transferring the case.  Plaintiffs are Maryland residents who were injured while driving in Maryland. Although defendant WMATA serves residents in both Maryland and the District of Columbia, the accident lacks any meaningful connection to the District of Columbia.  *See Brannen*, 403 F. Supp. 2d at 96 (concluding that an Amtrak derailment that occurred in Maryland - while plaintiff was traveling en route from Chicago, Illinois to Washington, D.C. - lacked any meaningful connection to the District of Columbia).  The interests of justice would therefore be served by transferring this case to permit Maryland jurors to apply Maryland community standards in resolving this Maryland-based action.

## IV.  CONCLUSION

Having balanced plaintiffs' choice of forum in the District of Columbia against the relevant private-interest and public-interest factors, the Court concludes that the balance of private and public interests weighs in favor of transfer of this action to the District of Maryland.  Accordingly, for the foregoing reasons, the Court **GRANTS** defendant's motion to transfer.  An appropriate Order accompanies this Memorandum Opinion.

```
Signed:    EMMET G. SULLIVAN
           United States District Judge
           August 4, 2009
```